

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2005

# Perryman v. H&R Trkng Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4806

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Perryman v. H&R Trkng Inc" (2005). *2005 Decisions.* Paper 976.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/976

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4806

ARTHUR PERRYMAN, JR.,

Appellant

v.

H & R TRUCKING, INC., and/or; H & R TRUCKING CO., and/or;
H & R TRUCKING COMPANY OF NORTHFIELD, INC., and/or;
H&R TRUCKING CO. OF NORTHFIELD, LLC; JOHN DOE OWNER, #1-5;
JOHN DOE COMPANY, #1-5; JOHN DOE INC., #1-5;
RYDER TRUCK RENTAL, INC.;
JOHN DOE OWNER, #6-10; JOHN DOE COMPANY #6-10; JOHN DOE INC., #6-10;
JEFFREY V. MILLER; JOHN DOE 1-5; RICHARD ROE 1-10;
RICHARD ROE COMPANY 1-10; RICHARD ROE INC., 1-10 jointly,
severally and/or in the alternative

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 01-cv-05860)
District Judge: Honorable Freda L. Wolfson

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2005

Before: AMBRO, VAN ANTWERPEN and TASHIMA*, <u>Circuit Judges</u>

---

\* Honorable A. Wallace Tashima, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

---

OPINION

---

AMBRO, Circuit Judge

Appellant Arthur Perryman filed an action in the District Court for injuries sustained when his tractor-trailer allegedly was struck by another tractor-trailer driven by Jeffrey Miller, an employee of H&R Trucking, Inc. After a trial, the jury assessed comparative responsibility for the accident at 60% for Miller and 40% for Perryman and determined a gross damages award of $39,000 in Perryman's favor. Dissatisfied with this result, Perryman sought a new trial on the basis of, *inter alia*, several alleged erroneous evidentiary rulings. The District Court denied this motion and Perryman timely appealed. For the reasons described below, we reject each of Perryman's contentions and affirm the judgment of the District Court.[1] Because we write solely for the parties, we do not recite the facts underlying this appeal.

## I.

Perryman first argues that Miller's counsel improperly influenced the verdict by referring in closing argument to evidence not before the jury. Specifically, Perryman alleges that Miller's counsel held up a voluminous appendix of Perryman's medical

---

[1] We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291.

records that had been admitted into evidence only in part. Perryman does not dispute that the most relevant portions of that medical history were properly introduced at trial. His objection is confined to the jury's exposure to the volume (and, by implication, extent) of his medical history. This timely objection was rejected by the District Court at trial.

"'The remarks of counsel [are] required to be confined to the evidence admitted in the case. . . . Reversible error is committed when counsel's closing argument to the jury introduces extraneous matter that has a reasonable probability of influencing the verdict.'" Reed v. Philadelphia, Bethlehem & New England R. R. Co., 939 F.2d 128, 133-34 (3d Cir. 1991) (quoting Ayoub v. Spencer, 550 F.2d 164, 170 (3d Cir.), cert. denied, 432 U.S. 907 (1977)). "In matters of trial procedure such as that involved here, the trial judge is entrusted with wide discretion because he is in a far better position than we to appraise the effect of the improper argument of counsel." Id. at 133.

In this case, we easily conclude that the District Court acted well within its discretion when it determined that counsel's physical reference to the appendix did not produce a reasonable probability of improper influence. In light of the evidence of pre-existing medical conditions that was properly admitted, we agree with the District Court that counsel's errant implication concerning the extent of Perryman's medical history was harmless and does not warrant a new trial.

II.

Perryman next contends that the District Court incorrectly applied Fed. R. Evid.

609(a)(1) when it determined that the prejudicial effect of admitting evidence as to the nature of Miller's prior crime outweighed its potential probative value.[2] Rule 609(a)(1) provides that, for the purposes of attacking the credibility of a witness, evidence of the witness' conviction of a crime punishable by one or more years in prison is admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. See, e.g., Johnson, 388 F.3d at 100. Miller was convicted of sexual assault, a crime punishable by more than one year of imprisonment. The District Court concluded that admitting evidence of Miller's criminal conviction would yield a net probative effect so long as the specific nature of the crime committed was not disclosed to the jury.

We are not swayed by Perryman's position that the District Court erred by denying him the opportunity to inform the jury that Miller had been convicted of sexual assault. Perryman stresses the importance of each witness' credibility in his case. Likewise, the District Court properly considered the importance of meaningful credibility assessments to an informed jury verdict in this case, weighing that interest against the extremely prejudicial effect that would be caused by the jury's knowledge of a prior sexual assault conviction. The District Court concluded that admission of less prejudicial

---

[2] With regard to Perryman's remaining arguments, we review the District Court's decision whether to admit evidence for abuse of discretion, but exercise plenary review over its construction of the Federal Rules of Evidence. United States v. Johnson, 388 F.3d 96, 100 (3d Cir. 2004).

evidence—namely, the fact of Miller's conviction of a crime and resulting imprisonment without further detail—would balance these conflicting interests. App. at 472.

We endorse the District Judge's careful approach. Cf. Old Chief v. United States, 519 U.S. 172 (1997) (mandating similar approach under Rule 404 in a prosecution for a crime that includes felony-convict status as an element, and explaining that in certain circumstances the admission of evidence pertaining to the name or nature of a conviction runs afoul of a Rule 403 prejudice balancing). The District Court properly construed Rule 609 and acted well within the discretion that Rule confers.

III.

Perryman next objects to the introduction of photographs depicting the tractor-trailers involved in the accident. Specifically, he argues that, because the photographs did not reveal any damage to the vehicles and because the jury lacked the expertise required to assess the extent of personal injuries that might have been caused in spite of the absence of physical damage to the vehicles, the admission of the photographs was so prejudicial as to be an abuse of the District Court's discretion. To be clear, Perryman asks us to conclude that the District Court abused its discretion by admitting into evidence photographs of the actual vehicles involved in the accident that gave rise to this dispute—his lawsuit for damages arising from the accident.

Rule 403 codifies the evidentiary principle that the probative value and prejudicial effect of offered evidence must be weighed in determining its admissibility. Under this

5

rule, evidence is excluded only if its prejudicial effect substantially outweighs its probative value.[3]  See, e.g., United States v. Universal Rehabilitation Services (PA), Inc., 205 F.3d 657, 664–65 (3d Cir. 2000).  We have explained that the rule implements a presumption in favor of admissibility.  Id.

Perryman's contention that the District Court failed to adhere to Rule 403 by admitting the photographs is far off the mark.  Surely photographs demonstrating that the vehicles involved in the accident sustained no physical damage are highly probative in a case in which, as here, the parties dispute the extent and cause of alleged personal injuries.  Nor is it clear how Perryman was prejudiced by their introduction unless he is erroneously asserting some right to keep from the jury details of the very accident that spawned his suit.  Far from finding an abuse of discretion by the District Court, we wonder if the Court could have defensibly ruled otherwise.

Perryman also argues that Fed. R. Evid. 701 prohibited the District Court from allowing the photographs to be introduced.  Rule 701, entitled "Opinion Testimony by Lay Witnesses," applies when a "witness is not testifying as an expert."  We fail to see how this rule governing testimonial evidence of a layperson's opinion bears any relevance to the District Court's decision to admit photographic evidence.  Unfortunately,

---

[3] We emphasize yet again that, because of his presence in the courtroom, "[t]he trial judge, not the appellate judge, is in the best position to assess the extent of the prejudice caused a party by a piece of evidence."  United States v. Long, 574 F.2d 761, 767 (3d Cir. 1978).

6

Perryman's brief offers little insight to this end. It seems to equate the jury's deliberative process—as influenced by the photographic evidence—with opinion testimony by a non-expert witness and argues that Rule 701 confines not only the scope of admissible testimony in this context but also, by extension, the type of questions that can properly be left to the jury to answer. While this metaphorical reasoning is theoretically interesting, we discern no basis to adopt it. We thus find no error in the District Court's admission of the photographs.

IV.

Perryman next asserts that the Court erred by denying his motion for post-trial relief and sanctions on the ground of his "fraud against the court" theory. This fraud is alleged to have occurred when Miller perjured himself before the jury. Perryman argues that the District Court should have granted him a new trial and imposed sanctions against Miller when it was revealed in open court that Miller had lied in order to conceal the fact that he had been incarcerated. As explained by the District Court, it allowed Perryman to impeach Miller by admitting evidence of his prior conviction and incarceration.[4] App. at 872. Perryman nonetheless asserts that he was prejudiced by Miller's exposed perjury. The District Court considered and rejected this argument. For the reasons it expressed, we do the same.

---

[4] The District Court further concluded that, although the jury heard evidence of the perjury, it did not appear to assign significant value to it. App. at 876.

7

We also conclude that there is no basis upon which to support Perryman's argument that the District Court abused its discretion by denying his motion for sanctions under Fed. R. Civ. P. 37(c)(1).

V.

For the reasons stated, we affirm the judgment of the District Court.