

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2004

# USA v. Johnson

Precedential or Non-Precedential: Precedential

Docket No. 03-4066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Johnson" (2004). *2004 Decisions.* Paper 110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

No. 03-4066

UNITED STATES OF AMERICA

v.

STANLEY JOHNSON,

Appellant

On Appeal from the United States
District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00231)
Honorable Petrese B. Tucker,
District Judge

Argued September 23, 2004

BEFORE: MCKEE, ALDISERT and
GREENBERG, Circuit Judges

(Filed: November 4, 2004)

Patrick L. Meehan
United States Attorney
Laurie Magid
Deputy United States Attorney
for Policy and Appeals
Robert A. Zauzmer
Assistant United States Attorney

Senior Appellate Counsel
Curtis R. Douglas (argued)
Assistant United States Attorney
615 Chestnut Street
Philadelphia, Pa. 19106

Attorneys for Appellee

Elizabeth K. Ainslie
Anne E. Kane (argued)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, Pa. 19103

Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. FACTUAL AND PROCEDURAL
HISTORY

This matter comes on before this
court on Stanley Johnson's appeal from a
judgment of conviction and sentence
entered in this criminal case on October
27, 2003. The district court had
jurisdiction pursuant to 18 U.S.C. § 3231
and we have jurisdiction under 28 U.S.C.
§ 1291.[1]

_____

[1]This case previously reached our
court after Johnson's conviction at his
first trial in January 2001. In February
2001, the district court granted Johnson a
new trial because the government had not

The background of the case is as follows. On May 2, 2000, a grand jury returned a three-count indictment against Johnson charging him with conspiracy to commit carjacking, in violation of 18 U.S.C. § 371, carjacking, in violation of 18 U.S.C. § 2119, and using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The indictment named Willie Ingram and Anthony Milton as co-conspirators. In particular, it charged that on July 2, 1998, Johnson, Ingram and Milton approached Donald Foster and Sonia Smith-Burgest as they exited Smith-Burgest's 1995 Chevy Blazer and that the three co-conspirators forced Smith-Burgest to remove her jewelry and

provided his attorney with notice that one of the victims in the carjacking would identify Johnson as one of the perpetrators. Johnson then filed a motion for judgment of acquittal in the district court, arguing that the evidence presented at the first trial was not sufficient to support a conviction. After the district court denied his motion, Johnson appealed. In a not precedential opinion dated May 7, 2002, exercising jurisdiction under 28 U.S.C. § 1291 pursuant to the collateral order doctrine, we affirmed the district court's denial of the motion for judgment of acquittal and remanded the case to the district court for a second trial. United States v. Johnson, 35 Fed. Appx. 358 (3d Cir. 2002) (table).

then stole the vehicle.[2] The indictment alleges that all three men were armed and that Johnson acted as a lookout.

At the outset of the trial, Johnson's attorney sought to prevent the government from introducing evidence related to Johnson's 1995 conviction for theft for impeachment purposes pursuant to 18 Pa. Cons. Stat. Ann. § 3921 (West 1983).[3] The government argued on alternative grounds that the evidence of the prior conviction could be used for impeachment purposes under Federal Rule of Evidence 609. First, it maintained that the evidence was admissible pursuant to Rule 609(a)(1) as a crime punishable by imprisonment in excess of one year and whose probative value outweighed its prejudicial effect on Johnson. Second, the government asserted that the evidence of the prior conviction was admissible as a crime involving dishonesty or false statement pursuant to Rule 609(a)(2).

After hearing argument, the district court found that the evidence was

[2]The indictment does not charge that the jewelry was stolen.

[3]The district court previously had denied Johnson's motion to preclude introduction of the prior conviction on cross-examination and thus his attorney was asking the court to revisit this issue. We do not know the basis for the earlier ruling. The appeal here, however, challenges only the second ruling.

2

admissible under Rule 609(a)(2) stating:

> I think that if you take something with the intent to benefit yourself and you know you're not entitled to it, that is a sufficient element of dishonesty to bring it within the rule. And it is my opinion that it would be appropriate to cross examine Mr. Johnson as to the theft.

AP at 34.[4]  In view of that ruling the court did not consider whether the evidence was admissible under Rule 609(a)(1).

At the trial, Smith-Burgest positively identified Johnson and testified that he stood off to the side during the carjacking and never said anything and that she did not see any gun in his hand.  Foster also testified, but was able to identify only Ingram as one of the carjackers, as he did not get a good look at the faces of the other two perpetrators.  He indicated, however, that Smith-Burgest did get a good look at them.  Foster explained that he could not identify the man who ordered Smith-Burgest to remove her jewelry, but that he was "the short guy."  AP at 127.  He further testified that the two taller men, Ingram and another individual, pointed guns at him.  Of the three men, Ingram and Johnson were significantly taller than Milton.  Both Ingram and Milton pled guilty to carjacking and, pursuant to plea agreements, testified against Johnson.  Ingram and Milton testified that Johnson was armed at the time of the carjacking and that he participated in the crime.

Johnson testified in his own defense.  He said that on the evening of July 2, 1998, he had gone out around midnight to try to buy some marijuana for personal use and that while he was on the street he saw Milton and Ingram.  According to Johnson, Ingram was holding a gun and asked him to "watch for cops."  AP at 155.  Johnson explained at trial that Ingram had a bad reputation in the neighborhood and had "shot at people."  Id.  He testified that he acted as a lookout during the robbery and carjacking because he was afraid that Ingram might shoot him if he did not participate.  Johnson testified that, after the completion of the robbery, Ingram

---

[4]AP refers to Johnson's appendix.  The government has contended that the district court also found that the evidence was admissible under Rule 609(a)(1) but we reject that argument as the court's reference to the crime having an "element of dishonesty to bring it within the rule" plainly tracks the language of Rule 609(a)(2) that the crime have "involved dishonesty."  Moreover, the argument of the attorneys prior to the district court announcing its determination centered on whether Johnson's offense involved "dishonesty" within Rule 609(a)(2).

yelled at him to get into the stolen car and that he did so. Johnson testified that he did not have a weapon during the carjacking. On cross-examination, the prosecutor questioned Johnson regarding his 1995 theft conviction for purposes of impeachment.

The district court gave the following instruction to the jury regarding Johnson's theft conviction:

> The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.[5] Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.
>
> It is the sole and exclusive right of you, the jury, to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.
>
> You have heard that the defendant Stanley Johnson was convicted of a crime. You may consider that evidence as [sic] deciding, as you do with any other evidence, how much weight to give the defendant's testimony. This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. You must not use his prior conviction as proof of the crimes charged in this case or for any other purpose. It is not evidence that he is guilty of the crimes that he is on trial for in this case.

AP at 251-52. The jury found Johnson guilty on all three counts. The district

_____

[5]We realize that the district court's reference to "a prison sentence of more than one year" tracks the language of Rule 609(a)(1). Nevertheless, we do not believe that the court by the use of that language intended to suggest that it admitted the evidence under that rule as the jury was not concerned with the distinction between Rules (a)(1) and (a)(2). Of course, if we are wrong as to the district court's intentions it may say so on the remand we are ordering when it engages in the weighing process under Rule 609(a)(1), which in any event will be required.

4

court subsequently sentenced him to concurrent terms of 100 months in prison to be followed by three years of supervised release. He timely appealed his conviction.[6]

## II. DISCUSSION

Johnson maintains that the district court erred in allowing the government to impeach his testimony with his 1995 theft conviction. He argues that the theft conviction was not admissible under Rule 609(a)(2) because it is not a crime that "involved dishonesty or false statement." Johnson further contends that the admission of his theft conviction was reversible rather than harmless error and therefore we must reverse his convictions on all three counts.[7]

------

[6]The district court sentenced Johnson on October 8, 2003, but the judgment was not entered on the district court docket until October 27, 2003.

[7]Johnson also mounts a constitutional challenge to his conviction under 18 U.S.C. § 924(c) for using and carrying a firearm in furtherance of a crime of violence, which carries with it a five-year mandatory minimum sentence. Johnson asserts that, as applied to prosecutions under the carjacking statute, section 924(c) violates the constitutional principles providing for the separation of powers because the executive branch's charging decision determines the

The government concedes that the district court erred in allowing it to impeach Johnson as to his prior theft conviction as a crime involving dishonesty or false statement under Rule 609(a)(2). Appellee's br. at 12. It maintains, however, as it did in the district court, that the conviction was admissible under Rule 609(a)(1) as a crime punishable by imprisonment in excess of one year whose probative value outweighed its prejudicial effect on Johnson. The government recognizes that the district court "did not explicitly address" this argument, yet it contends that "the court arguably did address the argument, when it stated: 'And it is my opinion that it would be appropriate to cross examine Mr. Johnson as to the theft.'" Appellee's br. at 16. The government then argues that given the absence of explicit findings we may conduct a plenary review and, under that standard of review, we should find that the probative value of the theft conviction outweighed its prejudicial impact on Johnson. The government contends that, in any event, even if evidence of the conviction for theft should not have been admitted the error was harmless.

We review a district court's decision to admit evidence for abuse of discretion but we exercise plenary review

------

sentence. We are satisfied that Johnson's constitutional argument clearly is without merit so we do not discuss it.

5

over a district court's construction of the Federal Rules of Evidence. <u>United States v. Brown</u>, 254 F.3d 454, 458 (3d Cir. 2001). Rule 609 provides, in relevant part:

> (a) **General rule**. For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

As we have indicated, the government now concedes that the district court erred in admitting the prior conviction as impeachment evidence under Rule 609(a)(2). Appellee's br. at 11; <u>see</u> <u>Cree v. Hatcher</u>, 969 F.2d 34, 37 (3d Cir. 1992) ("Because the district court lacks discretion to engage in balancing, Rule 609(a)(2) must be interpreted narrowly to apply only to those crimes that, in the words of the Conference Committee, bear on a witness's propensity to testify truthfully."); <u>Gov't of V.I. v. Toto</u>, 529 F.2d 278, 280 (3d Cir. 1976) ("[A] witness may be impeached by evidence of a prior conviction only if the conviction is for a felony or for a misdemeanor in the nature of crimen falsi."). But as we also have indicated, the government maintains that the evidence was admissible under Rule 609(a)(1) and that, in the alternative, we should find that any error in admitting Johnson's 1995 theft conviction was harmless.

Inasmuch as the district court held that Johnson's 1995 conviction for theft was admissible under Rule 609(a)(2) as a crime involving dishonesty or false statement, it did not determine whether the conviction was admissible under Rule 609(a)(1).[8] In order for impeachment evidence of a prior crime to be admissible against an accused under that rule: (1) the crime must be

---

[8]As we have indicated we might be wrong about this point, <u>see</u> n.5, <u>supra</u>, but if we are the district court may say so on the remand.

punishable by death or imprisonment in excess of one year under the law under which the witness was convicted; and (2) the court must determine that the probative value of admitting the evidence outweighs its prejudicial effect.

The court's decision to admit the evidence under Rule 609(a)(2) obviated the need for it to determine whether the conviction qualifies as a crime punishable by imprisonment in excess of one year under the law of Pennsylvania.[9] At oral argument we noted this omission and asked Johnson's attorney if there was any dispute over whether his 1995 conviction for purse snatching was punishable by imprisonment for a term in excess of one year. The attorney responded that there was no dispute on this point and that Johnson agreed that the one-year statutory threshold in Rule 609(a)(1) had been satisfied. Thus, it was possible for the conviction to be used for impeachment purposes depending on the district court's resolution of the weighing question.

As we have explained, the government acknowledges that the district court did not explicitly engage in the balancing process required by Rule 609(a)(1) for impeachment evidence to be admitted under that rule. Instead it

contends that the court "arguably" engaged in that process when it stated that "it is my opinion that it would be appropriate to cross examine Mr. Johnson as to the theft." AP at 34. The government asks us to find that this statement satisfies the balancing process and contends that we owe deference to the district court's decision. But we cannot accept this argument as we have concluded that the district court allowed the impeachment evidence under Rule 609(a)(2) and that, therefore, it did not reach nor did it attempt to address the alternative ground for admission under Rule 609(a)(1). Thus, the court's statement that it would be appropriate to cross examine Johnson as to the conviction related to its conclusion that the crime reflected dishonesty as that term is used in Rule 609(a)(2) rather than being the result of the court's balancing of interests under Rule 609(a)(1).

Ordinarily we review an evidentiary ruling of a district court involving a balancing of interests for abuse of discretion, but if the district court does not articulate the reasons underlying its decision there is no way to review its exercise of discretion. See United States v. Agnew, No. 03-2654, 2004 WL 21202662, at * 3, __ F.3d __ (3d Cir. Sept. 22, 2004). Nevertheless, a failure by a district court to articulate its basis for its exercise of discretion might not preclude us from determining whether we must remand a matter. As we explained in Becker v. ARCO Chemical Co., 207 F.3d 176, 181 (3d Cir.

_____

[9]The district court's charge to the jury suggests it believed that the one-year requirement had been satisfied but it did not say so expressly.

7

2000), if "the district court fails to explain its grounds for denying a [Federal Rule of Evidence 403 balancing] objection and its reasons for doing so are not otherwise apparent from the record . . . we need not defer to the district court's ruling, and we may undertake to examine the record and perform the required balancing ourselves." While Becker was concerned with Rule 403, we recently applied the same principle under Federal Rule of Evidence 609(b) as an alternative ruling in Agnew and we similarly could apply it under Rule 609(a)(1).

Here, however, inasmuch as the district court never ruled on nor addressed the government's argument that the 1995 theft conviction was admissible under Rule 609(a)(1), the quoted statement from Becker is inapposite. Becker cannot be applicable here because we are not dealing with a situation in which the district court simply failed to explain its reasoning under Rule 609(a)(1) but in which we nevertheless could infer that the court balanced the interests in favor of the admission of the evidence. Rather, the district court had no reason to consider whether the probative value of the conviction outweighed its prejudicial effect under Rule 609(a)(1). Therefore we have no decision on this point to review, whether on an abuse of

discretion or plenary basis.[10]

Furthermore, the record in this case does not permit us to assume that admission of the prior conviction evidence would have been justified under a Rule 609(a)(1) balancing analysis. Thus, we treat the admission of the evidence on the basis used by the trial court as erroneous and undertake the harmless error analysis that the government contends should lead us to uphold Johnson's convictions.

Quoting the Supreme Court's decision in Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248 (1946), we previously have explained that, "[i]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected."[11]

_____

[10]We are not suggesting that a court of appeals must reverse whenever it appears that the district court did not rule on a question in a case. But here we are concerned with an unusual situation in which there is a balancing analysis required on a very important question that the district court should undertake in the first instance and on which we cannot be certain that there is a clearly preferable answer.

[11]An analysis of whether the substantial rights of a defendant were

8

<u>Toto</u>, 529 F.2d at 283. After reviewing the record we cannot say that the admission of the 1995 theft conviction did not affect Johnson's substantial rights as it may have led the jury to disbelieve Johnson's testimony that he did not have a weapon and only remained at the crime scene because he feared Ingram. Indeed, the government concedes that "[i]n this case, the defendant's credibility was central to the case." Appellee's br. at 19. Therefore, the conviction cannot stand.

## III. CONCLUSION

Because the district court erred in admitting Johnson's prior theft conviction on the basis that it did and we cannot uphold its admission at this time on a different basis and such error was not harmless, we will vacate the judgment of conviction and sentence, and will remand this case for further proceedings. We will not, however, order a new trial but instead we will instruct the district court on the remand to undertake the weighing analysis that Rule 609(a)(1) requires. If the court determines after making that analysis that

---

affected by the admission of evidence includes consideration of a factor similar to one factor in the balancing test in which a district court engages under Rule 609(a)(1), namely, the gravity of the prejudice that the admission of the evidence would have on a defendant.

the probative value of admitting the evidence outweighed its prejudicial effect on Johnson it should reinstate the conviction and sentence. Otherwise it should grant a new trial. In this regard we point out that even though we are holding that the impeachment evidence was admitted improperly and that the error was not harmless, the district court is not precluded from finding its probative value outweighed its prejudicial effect on Johnson.

In reaching our result we have not overlooked Johnson's argument that we should not remand the matter for the district court to determine whether the evidence is admissible under Rule 609(a)(1) because the district court would abuse its discretion if it admitted the evidence under that rule. While we do not preclude Johnson on a further appeal from raising that argument if the court does admit the evidence and then reinstates the conviction and sentence, we are not convinced on the current record that admitting the evidence would be an abuse of discretion. Thus, the district court should engage in the weighing process in the first instance.

The judgment of conviction and sentence entered on October 27, 2003, will be vacated and the case will be remanded to the district court for further proceedings in accordance with this opinion.

9

United States v. Stanley Johnson, No. 03-4066

McKee, Circuit Judge, Concurring

I join the opinion of my colleagues because I agree that admitting evidence of Johnson's prior theft conviction constituted error under Rule 609(a)(2). I write separately because, in remanding for further proceedings, we are allowing the District Court discretion to open the record for additional testimony on the admissibility of the 1995 theft conviction (purse snatch) under Rule 609(a)(1). At oral argument, defense counsel did not object to a remand to allow the District Court an opportunity to balance the potential prejudice against the probative value, although she did strenuously argue that admitting the prior conviction on this record would be reversible error. My colleagues state that "the record in this case does not permit us to assume that admission of the prior conviction evidence would have been justified under a Rule 609(a)(1) balancing analysis." Maj. Op. at 12. I agree. However, I do not think that this record, absent more, could support a conclusion that the probative value of Johnson's conviction for a purse snatching outweighs the prejudicial value of that conviction.

Carjacking is, of course, a particularly shocking crime because we can all relate to an innocent victim who is suddenly snatched from his/her car at gunpoint while in the midst of some daily routine. Johnson's prior purse snatch involved the theft of $15.00 three years before the instant offense. Nothing about it suggests the kind of callous violence that is endemic in carjacking. *See* 18 U.S.C. § 2119 (defining "carjacking" as the use of force, violence or intimidation to take a vehicle transported in interstate or foreign commerce from the person of another with "intent to cause death or serious bodily harm").

Unlike an armed carjacking, a purse snatch is frequently an "impulse crime" devoid of the viciousness that so often characterizes a carjacking. *See United States v. Lipscomb*, 702 F.2d 1049, 1058 (D.C. Cir. 1983) (referring to purse snatching and shoplifting as impulse crimes). Nevertheless, a purse snatch is similar to a carjacking insofar as both are crimes that jurors can readily relate to given the familiar precautions that must be employed to guard against one's purse being stolen. However, it suggests neither the force nor the confrontation involved in a carjacking. Given the three years that lapsed between the two crimes, the extent to which the two crimes differed, and the potential for jurors to doubt Johnson's testimony because they could so easily relate to the victim of the prior offense and the victims of the carjacking, I do not think that this record would allow a court to conclude that the probative value of the purse snatch outweighed its prejudicial effect.

In balancing prejudice against

probative value under Rule 609(a)(1) a court must consider the nature of the prior crime, the age of the prior conviction, the importance of the defendant's testimony, and the importance of the defendant's credibility. *Government of the Virgin Islands v. Bedford*, 571 F.2d 758, 761 n.4 (3d Cir. 1982). Having urged the District Court to admit Johnson's prior offense under an incorrect theory, the government now argues that "the evidence against Johnson was consistent and persuasive, in contrast to which Johnson's testimony was dubious *on its face*." Br. at 22 (emphasis added). In contrast, the government argues that "the testimony of [the prosecution witnessses] was consistent, and at odds with Johnson's seemingly contrived account." *Id*. Thus, Johnson's prior conviction was not crucial to the government's case. Yet, it was crucial to the defense. The only evidence of Johnson's innocence was Johnson's own explanation of his presence at the scene of this carjacking. Nevertheless, the government argues that "the defendant's credibility was central to the case." Br. at 19. It was certainly central to the defendant's case, but the government's brief suggests that it was not very important to the government's case. Given the government's contentions regarding Johnson's "seemingly contrived account" that was "dubious on its face," and the "consistent and persuasive" evidence against him, it is difficult to understand why the government insisted on eliciting problematic testimony under Rule 609 in the first place.

Therefore, I doubt that a proper balancing of prejudice and probative value can tip in favor of admission without more being placed on the admission side of the scale. However, inasmuch as defense counsel did not object to our remanding for further proceedings when that was suggested during oral argument, that possibility is not foreclosed. If the District Court decides to allow additional testimony before making a ruling under Rule 609(a)(1), the record may, at that point, support a determination that the probative value of the 1995 purse snatch outweighs its prejudicial impact.

11