

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# USA v. Murphy

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Murphy" (2006). *2006 Decisions.* Paper 1364.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1364

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1501

———

UNITED STATES OF AMERICA

v.

KAREEM MURPHY

Appellant

———

Appeal from Judgment in a Criminal Case Entered
in the United States District Court
for the Eastern District of Pennsylvania,
at Criminal No. 03-cr-00461-1
The Honorable William H. Yohn, Jr., District Judge

———

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2006

Before: ROTH and ALDISERT, <u>Circuit Judges</u>, and RODRIGUEZ,[*] <u>District Judge</u>

(Filed:  March 30, 2006)

---

  The Honorable Joseph H. Rodriguez, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

RODRIGUEZ, <u>District Judge</u>.

Kareem Murphy appeals his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Murphy argues that the District Court, in admitting evidence of his prior convictions, abused its discretion because it failed to properly consider and analyze the factors relevant to FED. R. EVID. 609. We have jurisdiction to review final decisions of the district courts pursuant to 28 U.S.C. § 1291. We will affirm.

I.

Because we write solely for the parties, we will only mention those facts relevant to our analysis. On April 16, 2003, Murphy was standing at the corner of Taylor and Dickinson streets in Philadelphia, Pennsylvania. On-duty Philadelphia Police Officers Shawn Rinier, Eric Nelson and John Tocco recognized Murphy and knew that he was wanted on two outstanding warrants. When Officers Nelson and Tocco exited their vehicle to apprehend Murphy, he ran from the scene. The government alleges that as Murphy was running, a gun dropped from his pants. While Officer Tocco pursued Murphy, eventually apprehending him, Officer Nelson stopped to recover the gun.

On July 29, 2003, a one-count indictment was issued, charging Murphy with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At the

time of indictment, Murphy had been convicted of two separate drug offenses; one relating to conduct in 1999 and one relating to conduct in 2000. In addition, during the pendency of this action, Murphy pleaded guilty to a third drug offense in 2003.

Because there was a possibility that Murphy would testify at trial, his counsel filed a Motion in Limine to preclude the introduction of his prior convictions under Rule 609. After oral argument, the District Court denied the motion. At trial, Murphy testified, was confronted with the convictions and was convicted. This appeal followed.

## II.

We "review a district court's decision to admit evidence for abuse of discretion." United States v. Johnson, 388 F.3d 96, 100 (3d Cir. 2004). A district court's decision cannot be reversed "merely because we, as members of a reviewing court, possess a different view concerning the probative value or prejudicial effect of the challenged evidence." United States v. Universal Rehab. Servs., Inc., 205 F.3d 657, 665 (3d Cir. 2000) (en banc) (quoting United States v. Long, 574 F.2d 761, 767 (3d Cir. 1978)). We have said that great deference should be given to a district court's decision regarding the admissibility of evidence, and "[i]f judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal." Id. (quoting Long, 574 F.2d at 767.) Moreover, reversal is only justified when a district court's analysis and resulting conclusion is either "arbitrary or irrational." Id. (quoting In re Paoli R.R. Yard PCB Litig., 113 F.3d 444, 453 (3d Cir. 1997)).

3

III.

Murphy contends that because the District Court allowed the government to impeach him with specific facts of his prior felonies, rather than simply that he had previously been convicted of one unspecified felony, it abused its discretion. We disagree. First, the District Court engaged in the appropriate analysis under Rule 609. Second, the District Court provided the jury with a limiting instruction regarding the proper purpose of prior conviction evidence.

Rule 609 states, in pertinent part, that:

> [f]or the purpose of attacking the credibility of a witness, . . . evidence that an accused has been convicted of [a felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial value to the accused. . . .

FED. R. EVID. 609(a)(1) (1990). "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" Walden v. Georgia Pac. Corp., 126 F.3d 506, 523 (3d Cir. 1997) (quoting Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993)) (further citation omitted). "Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." Id. (citing United States v. Martinez, 555 F.2d 1273, 1275 (5th Cir. 1977).

When a defendant chooses to testify at his trial he places his credibility "directly at issue." United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987). We have held that "[t]here is no question that, given a proper purpose, [such as impeachment under Rule

4

609(a)(1),] drug convictions are admissible in a trial where the defendant is charged with a drug offense." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992).[**] Indeed, other Circuit Courts have also held that prior drug convictions in particular have probative value for impeachment purposes. See, e.g., United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997) (holding that a prior conviction for possession with intent to distribute cocaine is admissible under Rule 609); United States v. Hernandez, 106 F.3d 737, 739-40 (7th Cir. 1997) (holding that prior convictions for possession of cocaine and marijuana are admissible to impeach defendant).

We have enumerated four factors that the district court should consider in making this determination: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony; [and] (4) the importance of the credibility of the defendant." Gov't of Virgin Islands v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982) (citing Symposium, "The Federal Rules of Evidence," 71 Nw. U. L. Rev. 634, 661-64

---

Although Murphy never cites Rule 404(b) in his brief, he argues that when the prior offense and the charged offense are similar, there is a "likelihood that knowledge of the prior offense will lead the jury to make the type of propensity inference that is forbidden under the law," which is exactly the issue that Rule 404(b) addresses. (Petitioner's Brief, p. 22.) However, this argument is unavailing for two reasons. First, Murphy's prior drug convictions and the charged offense of felon in possession of a firearm are not sufficiently similar to invoke the concerns of Rule 404(b). Second, and more importantly, the concerns of Rule 404(b) can give way to Rule 609(a)(1), even when both the prior conviction and the charged offense are drug-related. See United States v. Hernandez, 106 F.3d 737, 739 (7th Cir. 1997) (holding that the district court acted within its discretion when it determined that the importance of credibility outweighed the caution required under Rule 404(b) where both the prior conviction and the current charge involved drug-related offenses).

(1977)).

IV.

In the instant case, the District Court was cognizant of the four-factor analysis dictated by our precedent. The record indicates that the District Court duly considered the four factors:

> THE COURT: All right. Well, with reference to the case law, case law in the Third Circuit on this issue is fairly sparse. But the Third Circuit has set forth the five factors, that are set forth in the defendant's motion in limine, as things that should be considered. The first is the nature of the crime. And in that regard, the drug convictions are, of course, felonies. And felonies, under the Federal rules, do have impeachment value, and has been pointed out by Ms. Fisk.
>
> The Third Circuit – or the Second Circuit – has stated, accurately, that a narcotics trafficker lives a life of secrecy and dissembling, in the course of the activity; being prepared to say whatever is required by the demands of the moment, whether the truth or a lie. From this, he could rationally conclude that such activity in a witness's past is probative, on the issue of credibility.
>
> So I think it's quite clear that in terms of the nature of the crime, that although it's not a crimen falsi, that is treated separately in 609. And obviously, 609(1), as opposed to 609(2), relates to crimes that do not involve dishonesty or false statement. So being a felony and being one that does involve a great deal of secrecy and lying, it seems to me that the first factor weighs in favor of admitting the evidence.
>
> The second factor is the – when the convictions occurred. And all of them are quite recent. And therefore, it would seem to me that that factor also weighs in favor of admitting the evidence of the crimes; since the more recent the conviction is, the more likely it is – it affects his credibility.
>
> The third factor is the importance of the witness's testimony in the case. And in this case, the testimony of the defendant, obviously, would be very significant in connection with this. But it has been pointed out, the Government had two police officers who testified that they saw the gun – well, one saw the gun drop. And the other heard the gun hit the concrete. Apparently, the defendant has two witnesses who will say they did not see a gun fall from him. So that balances out, somewhat, the necessity for his testimony. But I think, on balance, that factor is evenly balanced.
>
> The next factor is the importance of the credibility of the defendant.

6

And in this case, of course – if the defendant testifies – his credibility is very important. And therefore, the Government's request to use this information to attack his credibility is equally important. So it seems to me that that factor is also either balanced, or slightly in favor of admission.

And finally, the – generally, the impeachment value of the prior crime. And I have mentioned that previously. And it does have impeachment value. So, that factor would weigh in favor of admission.

And finally, it seems to me that any prejudicial fact – any prejudicial inference, because of a prior conviction – is lessened, by the fact that the jury already knows that he has been convicted of a felony, because of either stipulation or evidence of a prior felony, which is one of the elements of the crime charged. So they already have that in front of them, regardless of this evidence. And therefore, any prejudice to him is lessened, in that regard.

So considering all of those things, I find that the evidence is admissible under 609(a)(1), in that the probative value of admitting the evidence outweighs its prejudicial effect to the accused.

\* \* \*

So the motion in limine, then, is denied.

(Trial Transcript, app. at 187-90.)

Accordingly, after considering the four factors we have enumerated, the District Court found that Murphy's prior convictions were admissible pursuant to Rule 609. Moreover, the District Court gave the jury a limiting instruction both at the time of introduction and during the final charge. (Trial Transcript, app. at 250-51, 288.) We therefore conclude that the District Court did not abuse its discretion in admitting Murphy's prior convictions.

V.

We have considered Murphy's additional argument that the District Court failed to consider the prior offenses seriatim and conclude that no further discussion is necessary. Accordingly, we will affirm the conviction of the District Court.

7