

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Marks v. Marina Dist Dev Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Marks v. Marina Dist Dev Co" (2007). *2007 Decisions*. Paper 1794.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1794

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3619
_____

DAVID MARKS; MARYANN MARKS,

Appellants,

v.

MARINA DISTRICT DEVELOPMENT CO., LLC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cv-05319)
District Judge: Hon. Timothy J. Savage

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2006

Before:  FISHER, CHAGARES, and GREENBERG, <u>Circuit</u> <u>Judges</u>.

_____

(Filed: January 10, 2007)

_____

OPINION OF THE COURT

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Appellants David and Mary Ann Marks ("the Marks") appeal six evidentiary rulings the District Court made during the course of trial against defendant/appellee Marina District Development Company (doing business as the Borgata Casino ("Borgata" or "Borgata Casino")) and argue that the District court should have declared a mistrial as a result of a purportedly material misstatement made during defendant/appellee's opening statement. A review of the record makes clear that each of these challenges is meritless, and we will therefore affirm.

## I.

As we write only for the parties, our summary of the facts is brief. This case arises out of an incident of vandalism in a men's restroom at the Borgata Casino in Atlantic City, New Jersey in the early morning hours of July 6, 2004. In the presence of Alfredo Ortiz, a restroom attendant at the Borgata, appellant David Marks ("Marks" or "David Marks") ripped a urinal divider out of the restroom wall. Marks then returned to the casino floor. Ortiz informed Roberto Alvarez, a Borgata security guard, what he had witnessed and identified Marks to him. Thereafter, Alvarez instructed Ortiz to return to the restroom where the incident occurred while Alvarez radioed his supervisor about the incident. In response to Alvarez's request for a security supervisor, Angel Ramos came to the restroom where Ortiz and Alvarez were waiting. Shortly after Ramos arrived, Marks returned to the restroom. In Ramos' opinion, Marks appeared to be severely intoxicated, as he was walking unsteadily and slurring his words. Concerned that Marks

2

might injure himself or others, Ramos decided to detain Marks. At that point, Ramos handcuffed Marks and, along with Alvarez, escorted Marks to a holding cell at the Borgata, where he remained for approximately ten or fifteen minutes. Having learned about the incident involving her husband, appellant Mary Ann Marks arrived at the holding cell. Borgata officials informed Mary Ann Marks that they would pursue criminal charges against her husband unless she was willing to make restitution on his behalf for the damage to the restroom. She did so, and the couple left the Borgata immediately thereafter.

Approximately one month later, on August 3, 2004, the Marks filed a complaint in the Philadelphia Court of Common Pleas against the Borgata for injuries David Marks allegedly suffered while being escorted from the restroom to the holding cell by Ramos and Alvarez. Based on this incident, the Marks sued the Borgata for assault and battery, false imprisonment, intentional infliction of emotional distress, negligence, and loss of consortium. The Borgata subsequently removed the case to federal court. After a four-day trial, the jury returned a verdict for the Borgata on all claims, and the District Court entered judgment for the Borgata. This appeal ensued.

II.

3

We review the District Court's decision to admit evidence for abuse of discretion. United States v. Johnson, 388 F.3d 96, 100 (3d Cir. 2004). This standard applies both to lay and expert testimony. Montgomery County v. Microvote Corp., 320 F.3d 440, 445 (3d Cir. 2003) (applying abuse of discretion standard to review District Court's decision to admit or exclude expert testimony).

## III.

The Marks' first assignment of error is that the District Court wrongly prohibited their expert witness, Ira Somerson, from testifying about the Borgata's video surveillance policies. According to the Marks, the gravamen of Somerson's testimony would have been that the Borgata failed to comply with its own internal policies regarding the storage and retention of video surveillance footage.

At trial, the Marks called Somerson to testify regarding security services at the Borgata. However, neither party asked Somerson any questions about the Borgata's practices or policies with respect to retention of video surveillance footage on direct or cross examination. Thus, when the Marks' counsel attempted to elicit this information on redirect examination, counsel for the Borgata objected.

We have made clear that "[t]he tradition in the federal courts has been to limit the scope of redirect examination to the subject matter brought out on cross-examination." United States v. Riggi, 951 F.2d 1368, 1375 (3d Cir. 1991). Moreover, "the admissibility of evidence and the scope of redirect examination are within the discretion of the district court." Government of the Virgin Islands v. Martinez, 847 F.2d 125, 130 (3d Cir. 1988).

4

Because this line of inquiry called for testimony that was beyond the scope of either direct or cross examination, the District Court's decision to exclude such testimony was consistent with the sound exercise of discretion.

In any event, there are two reasons to believe that the Marks were not prejudiced by this exclusion. First, the Borgata's Director of Surveillance admitted at trial that the Borgata failed to retain videotapes of the incident in question in contravention of its own policies. Second, the District Court instructed the jury that it could draw a negative inference from the Borgata's failure to produce these videotapes. Thus, even assuming the District Court erred by excluding Somerson's testimony (which it did not), this error was harmless.

The Marks' second assignment of error is that the District Court improperly allowed Borgata's counsel to cross examine him regarding whether he was impaired due to the fact he had ingested alcohol and Wellbutrin, a prescription-only antidepressant, on the night in question. On direct examination, David Marks testified that he had consumed alcohol on the evening the incident occurred, but that he was "not drunk." On cross examination, Marks testified that he was taking Wellbutrin at the time of the incident. Immediately thereafter, counsel for Borgata asked Marks whether he was aware that one should not take Wellbutrin and alcohol together because "the effects double." The District Court permitted this question over the Marks' objection that this question was impermissible given that Marks had not been certified as a medical or pharmacological expert pursuant to Fed. R. Evid. 701.

5

To begin with, Marks never answered the question to which his counsel objected, because immediately following Marks' counsel's objection, the District Court interjected to clarify to the jury that while witnesses' answers to questions were evidence, the questions themselves were not. Accordingly, the Marks cannot point to any prejudice they suffered, as David Marks never answered the precise question to which his counsel objected. Equally importantly, it is clear that the Borgata was seeking Marks' opinion not as a expert, but rather as a lay witness. Specifically, Borgata's counsel was inquiring whether Marks had any reason to believe, based on his personal experience, that Wellbutrin tended to magnify the effects of alcohol.[1] Thus, this question was intended to elicit an opinion "rationally based on the perception of the witness" (i.e., based on Marks' own life experience). See Fed. R. Evid. 701. Quite apart from the lack of prejudice, then, the District Court's decision to admit this question was consistent with the sound exercise of discretion.

The Marks' third objection is that the District Court erred by not allowing Mary Ann Marks to testify, pursuant to Fed. R. Evid. 406, that her husband habitually destroys other people's property when intoxicated. This exclusion, the Marks argue, prevented them from presenting testimony that David Marks could not have had the mental capacity at that time to distinguish right from wrong. As an initial matter, it is not obvious why

---

[1]The precise question Borgata's counsel asked Marks was "[I]s it your testimony that the effects of alcohol *to your knowledge* were not magnified while taking Wellbutrin?" (emphasis added).

Marks' mental capacity (or lack thereof) has any relevance whatsoever to the tort claims he and his wife asserted. Thus, the District Court properly excluded this evidence under Fed. R. Evid. 402. Moreover, the Advisory Committee Notes to Rule 406 explicitly state that "evidence of intemperate 'habits' is generally excluded when offered as proof of drunkenness in accident cases. . . ."[2] Accordingly, the District Court's decision to exclude this aspect of Mary Ann Marks' testimony was consistent with the sound exercise of discretion. Even assuming this excluded evidence was somehow relevant, we cannot fathom, notwithstanding the Marks' argument to the contrary, that the Marks were prejudiced in any way by being precluded from offering evidence to show that David Marks habitually destroyed other's property while intoxicated. For all of these reasons, we find this aspect of the Marks' appeal unpersuasive.

The Marks' fourth objection is that the District Court improperly allowed expert Pia DiGirolamo to express her opinion regarding whether David Marks made a prudent business decision by going on a two week vacation in January 2003, when his business was in decline. The Marks argue, unsupported by any authority, that DiGirolamo's testimony exceeded the scope of her expertise and was therefore improper. DiGirolamo, who holds a Ph.D. in economics, was certified as an expert in forensic economics, which she described as "the study of how people in business make and spend money." Thus,

---

[2]Lest the irony of the Marks' argument be missed, David Marks adamantly denied at trial that he was intoxicated on the evening in question, yet argues that the District Court erred in not allowing them offer evidence to show that he habitually destroyed other's property while intoxicated.

DiGirolamo was clearly qualified to express her opinion about whether, from a financial standpoint, a small business owner like Marks should be concerned about taking a two week vacation at a time when his gross revenues were dwindling. For these reasons, the District Court's decision permitting DiGirolamo to express her opinion in this regard was consistent with the sound exercise of discretion.

The Marks' fifth objection is that the District Court erred in allowing Police Officer Scott Rehman to respond to a question about the contents of a dispatch call pertaining to the incident at the Borgata. The Marks argue that the District Court improperly allowed Officer Rehman to testify to hearsay evidence over an objection by their counsel. A review of the trial transcript makes clear that Officer Rehman's testimony about the dispatch call was not being offered for the truth of the contents of the call, but to demonstrate their effect on the listener -- Officer Rehman. Accordingly, the District Court properly determined that Officer Rehman's testimony was not barred by the prohibition against hearsay evidence. See Fed. R. Evid. 801 (excluding statements not offered for truth of matter asserted from the definition of hearsay). Further, it is clear that the District Court advised the jury immediately following Marks' counsel's objection that this aspect of Officer Rehman's testimony was only admissible for a limited purpose. Given this limiting instruction, the Marks have a substantial burden to carry to show that the District Court abused its discretion by admitting this evidence. This is so because we "presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will

8

be unable to follow the court's instruction, and a strong likelihood that the effect of the evidence would be devastating to the defendant." United States v. Hill, 976 F.2d 132, 144 (3d Cir. 1992) (internal citations and quotations omitted). The Marks offer no evidence to show that the District Court's limiting instruction was somehow insufficient. For these reasons, the District Court's decision to permit Officer Rehman to testify to the contents of the dispatch call was consistent with the sound exercise of discretion.

The Marks' sixth assignment of error is that the District Court improperly permitted the Borgata's Director of Security, Gregory Schaef, to testify about the contents of a report he received regarding the incident in question. The Marks argue that the District Court wrongly allowed Schaef to testify to hearsay evidence over an objection by Marks' counsel. The District Court noted that this report was not being offered for its truth, and gave an appropriate limiting instruction to the jury. Here again, the Marks offer no evidence to show that the District Court's limiting instruction was somehow insufficient. Thus, for the reasons stated previously with respect to Officer Rehman's testimony, the District Court's decision to admit this aspect of Schaef's testimony was consistent with the sound exercise of discretion.

The Marks' seventh and final assignment of error is that Borgata's counsel made a material misstatement of law during opening statements that necessitates a retrial. Specifically, the Marks argue that the Borgata's counsel wrongly stated that New Jersey law forbids video surveillance cameras in any restroom. Although the Borgata offered testimony at trial that the New Jersey State Police have directed businesses not to place

9

surveillance cameras in their restrooms, there is no New Jersey law that actually forbids them from doing so.  Accordingly, the Marks argue that this misstatement of law is grounds for a mistrial.

We disagree.  To begin with, the Marks did not assert a contemporaneous objection to the misstatement they now challenge.  While it is true that the Marks' counsel objected to a later remark by Borgata's counsel during opening statements as argumentative, the nature and timing of this objection makes clear that this objection was not directed at the misstatement the Marks now challenge.  Accordingly, we review for plain error.  See United States v. Olano, 507 U.S. 725, 731-32 (1993).  It is clear that the District Court's failure to grant a mistrial was not plain error, as the District Court specifically instructed the jury that counsel's statements, including opening and closing arguments, were not evidence.  In light of these instructions, we do not believe that counsel's minor misstatement -- confusing "state law" with "State Police"-- necessitates the dramatic remedy the Marks seek.


IV.

For the foregoing reasons, we will affirm the District Court's decision in all respects.


10