NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4093
_____

UNITED STATES OF AMERICA

v.

EDRES GASTON,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00623-001)
District Judge: Honorable Legrome D. Davis

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2013

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed: January 14, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

        Appellant Edres Gaston appeals the District Court's order admitting two of his

prior convictions for impeachment purposes under Federal Rule of Evidence 609(a).  For

the reasons discussed below, we will affirm.

Gaston was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The government filed a motion *in limine* to admit evidence of Gaston's prior felony convictions as impeachment evidence under Federal Rule of Evidence 609(a). These convictions included: (1) an October 31, 2000 conviction for possession of controlled substances with intent to deliver; (2) an August 20, 2001 conviction for carrying a firearm without a license; (3) a January 26, 2005 conviction for possession of controlled substances with intent to deliver; and (4) a January 27, 2005 conviction for possession of controlled substances with intent to deliver.

The District Court excluded Gaston's conviction for possession of a firearm without a license but admitted all three of Gaston's drug-related convictions. The District Court limited the government to asking about "the fact of the conviction and the date of the conviction." In response to this ruling, Gaston requested that the court admit only one of the three drug convictions for impeachment. The District Court denied the request, holding that the convictions were relevant to Gaston's credibility.

On direct examination, Gaston preemptively admitted to one of the felony drug crimes. Gaston concedes that he has waived the right to object to the introduction of this crime. *See Ohler v. United States*, 529 U.S. 753, 760 (2000) (holding that a "defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error").

The parties dispute which of the three drug felonies the government asked Gaston about on cross-examination. The government contends that it questioned Gaston about only two of the felonies—the felony that he had already admitted to on direct

2

examination and one of the 2005 felonies.  Gaston, on the other hand, contends the government asked him about all three felonies.  Although we find the government's reading of the trial court proceedings more compelling, we will assume the jury heard evidence of all three felonies for purposes of this appeal.

Gaston appeals the admission of the two felonies that he did not discuss on direct examination, asserting that (1) the government did not demonstrate that the probative value of the additional felonies as to Gaston's credibility outweighed their prejudicial effect and (2) the introduction of all three felonies was cumulative.  We review a district court's decision to admit evidence for abuse of discretion.  *United States v. Johnson*, 388 F.3d 96, 100 (3d Cir. 2004).

As an initial matter, we note that we agree with the District Court that Gaston's prior drug convictions were probative of his credibility.  *See United States v. Cordoba,* 104 F.3d 225, 229 (9th Cir. 1997) (holding that a prior conviction for possession with intent to distribute cocaine is admissible under Rule 609); *United States v. Hernandez*, 106 F.3d 737, 739–40 (7th Cir. 1997) (holding that prior convictions for possession of cocaine and marijuana are admissible to impeach defendant).  Thus, the critical question is whether the probative value of the prior convictions outweighed their prejudicial effect.  In making that determination, the District Court must consider: (1) the nature of the crime; (2) when the conviction occurred; (3) the importance of the defendant's testimony; and (4) the degree to which the defendant's credibility is central to the case.  *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982).  Gaston concedes that only the first factor—the nature of the crime—is at issue.  He argues that introducing his

3

drug convictions prejudiced him for two reasons. First, Gaston asserts that because the government characterized the neighborhood where Gaston lived and was arrested as a high crime area, the introduction of his drug felonies unnecessarily branded him as a part of a criminal element. Second, Gaston contends that the government unnecessarily linked drug crimes with guns, and as a result, the jury was left with no other conclusion than it was highly likely that Gaston had committed the gun offense because he had been convicted of three drug felonies. Neither of these arguments has merit.

The record does not support Gaston's assertion that the government branded him as a criminal and linked guns with drug crimes. The arresting officers testified about the violence in the area to explain why they were patrolling the neighborhood and to refute Gaston's assertion that they were only there to harass him and other black males. Only one arresting officer specifically mentioned gun violence. And no arresting officer linked gun violence (or violent crimes in general) with drug crimes; rather, the officers simply testified that both types of crimes were present in the neighborhood. Moreover, neither the government nor the officers made any connections between Gaston's prior convictions and the crime in the neighborhood.

Further, the District Court minimized any prejudice that may have resulted from the admission of the convictions by limiting the government to asking about the fact of the conviction and the date of the conviction and issuing a limiting instruction that directed the jury that Gaston's prior convictions were not to be considered for any purpose other than assessing his credibility. Thus, we conclude that the District Court did

not abuse its discretion in ruling that the probative value of the drug convictions outweighed their prejudicial effect.

Finally, we conclude that there is no merit to Gaston's contention that the District Court abused its discretion in admitting both of his prior convictions because they were cumulative of the conviction that Gaston admitted to on direct examination. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." *United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002) (internal quotation marks and citation omitted). As Gaston's credibility was critical to his defense, the probative value of the other two drug convictions was more than minimal. Moreover, the government's questioning of Gaston on these two convictions was less than one page of a 258 page trial transcript. As such, the admission of all three convictions did not implicate the concerns that weigh against the introduction of cumulative evidence.

For the foregoing reasons, we will affirm the judgment of the District Court.