

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2006

# USA v. Peterson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4664

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Peterson" (2006). *2006 Decisions.* Paper 156.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4664
_____

UNITED STATES OF AMERICA

v.

SPENCER PETERSON
a/k/a
RASHON PETERSON


Spencer Peterson,

Appellant.


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 02-cr-00611-1)
District Judge: Hon. J. Curtis Joyner

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2006

Before:  SLOVITER, CHAGARES, and GREENBERG, Circuit Judges.


(Filed: November 27, 2006)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Appellant Spencer Peterson appeals his sentence, contending that the District Court failed to discharge its statutory obligation to consider the factors articulated in 18 U.S.C. § 3553(a) in imposing his sentence. Peterson also argues that the District Court improperly enhanced his sentence as an armed career criminal, given that his prior convictions were neither charged in the indictment nor treated as elements of the offense in this case. Because there is ample record evidence that the District Court considered the § 3553(a) factors, and because Peterson's argument with respect to the enhancement are squarely foreclosed by existing Supreme Court and Third Circuit precedent, we will affirm the District Court's decision in all respects.

I.

As we write only for the parties, our summary of the facts is brief. Shortly before midnight on March 24, 2002, a pedestrian flagged down two Philadelphia police officers who were on patrol. The pedestrian identified himself as Hakim Brown, and told the officers that he was operating a "hack" (i.e., driving his car as an unauthorized taxi) when a passenger attempted to rob him with a black and brown colored gun. While Brown was reporting this incident to the officers, appellant Spencer Peterson crossed the street directly in front of the three men. Brown immediately identified Peterson as the man who robbed him. The officers stopped Peterson and searched him. While patting Peterson down, the officers discovered a loaded .38 caliber handgun with a black muzzle and a

2

brown handle ("the gun") tucked in Peterson's waistband. Peterson was subsequently arrested.

This was not Peterson's first run-in with the law. At the time of his arrest, Peterson had four prior felony convictions, three for possession with intent to distribute narcotics, and one for robbery. Given these past transgressions, Peterson was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Peterson presented a duress defense at trial. Specifically, Peterson testified that Brown and another unidentified man approached him and demanded his money and gold chain at gunpoint. According to Peterson, after Brown pointed the gun at him, Peterson resisted and a life-or-death struggle ensued. Peterson testified that he bit Brown on the hand and the two fell to the ground during the struggle, during which Peterson was ultimately able to wrestle control of the gun from Brown. Thus, Peterson argues that he came to possess the gun only due to his efforts to defend himself from Brown's robbery attempt. Peterson further testified that the man accompanying Brown stood passively to the side while Peterson and Brown fought.

The two officers who arrested Peterson testified for the government on rebuttal, and their testimony directly contradicted Peterson's. The officers both testified that based on their appearance, neither Brown nor Peterson appeared to have engaged in a physical struggle. They further testified that when they apprehended Peterson, he did not mention

3

anything about Brown trying to rob him, or about another man being in the area that night.

Following closing arguments, the District Court instructed the jury that duress was an affirmative defense to the crime for which he was charged. After deliberations, the jury convicted Peterson of being a felon in possession of a firearm.

Peterson was first sentenced on January 15, 2004. At that sentencing hearing, the District Court adopted the findings of fact stated in the Presentence Report, and calculated Peterson's Sentencing Guideline range. The District Court determined that Peterson's offense level was 34, and his criminal history category was VI, which corresponded to a Guideline range of 262-327 months incarceration. Peterson did not object to his criminal history category or to his classification as an armed career criminal, which required a base offense level of 33. Peterson did argue, however, that an offense level of 34 was not warranted because he did not possess the firearm in connection with a crime of violence. Rather, Peterson claimed that he only came to possess the firearm after wrenching it away from Brown in order to save his life. The District Court rejected this argument, noting that the jury necessarily rejected this duress defense in finding him guilty. Accordingly, the District Court overruled Peterson's objection and assessed a criminal history score of 34. Peterson timely appealed, arguing that under Blakely v. Washington, 542 U.S. 296 (2004), the District Court violated his Sixth Amendment rights by making determinations regarding his offense level and criminal history. Following the Supreme Court's decision

4

in <u>United States v. Booker</u>, 543 U.S. 220 (2005), this Court vacated Peterson's sentence and remanded the case to the District Court for resentencing.

Peterson appeared before the District Court for resentencing on October 11, 2005. At this hearing, Peterson continued to press his duress defense, and argued that the police officers had lied in their testimony. Peterson's counsel also presented a psychological evaluation, which stated that Peterson suffered from drug addiction, depression, and other mental impairments. Ultimately, the District Court imposed the same sentence as before—320 months. This appeal followed.

## II.

We review a sentence imposed by a District Court for reasonableness. <u>United States v. Cooper</u>, 437 F.3d 324, 326 (3d Cir. 2006). This inquiry has two steps. First, we must review the record to determine if the District Court exercised its discretion by considering the relevant factors enumerated in § 3553(a). <u>Id.</u> at 329. If the record does not reflect adequate consideration of the § 3553(a) factors, remand is required, and our inquiry ends there. <u>Id.</u> If, however, the record makes clear that the District Court gave meaningful consideration to the § 3553(a) factors, our analysis must proceed to evaluate whether the sentence reflects a rational application of those factors. <u>Id.</u>

## III.

In the sentencing context, reasonableness has both procedural and substantive components. <u>See, e.g.</u>, <u>United States v. Ferguson</u>, 456 F.3d 660, 664 (6th Cir. 2006). In this case, however, Peterson does not argue that his sentence is substantively

5

unreasonable—i.e., that the District Court's sentence of 320 months was unduly harsh given his crime and criminal history. Rather, Peterson argues only that the District Court failed to consider adequately the § 3553(a) factors in imposing sentence. Thus, our analysis is limited to whether Peterson's sentence is procedurally unreasonable.

A sentence is procedurally unreasonable if the District Court fails to consider the applicable Guideline range or neglects to consider the other factors listed in § 3553(a). Cooper, 437 F.3d at 329. Imposition of a within-Guidelines sentence—without more—demonstrates only that the District Court "considered one of the § 3553(a) factors—namely, the guideline range itself, [but] does not show that the court considered the other standards reflected in that section. . . ." Id. at 330 (internal citations omitted); see also 18 U.S.C. § 3553(a)(4) (listing Sentencing Guidelines as one of seven factors the District Court must consider in imposing sentence). While "there are no magic words that a district judge must invoke when sentencing, . . . the record should demonstrate that the court considered the § 3553(a) factors [in fashioning the defendant's sentence.]" Cooper, 437 F.3d at 332. Thus, we must determine whether the District Court gave "meaningful consideration" to the § 3553(a) factors. Id.

A.

Although there is no bright-line test to determine what depth of analysis qualifies as "meaningful consideration," we have recently articulated certain principles that guide our review in this respect. On the one hand, the District Court "need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court

6

discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Cooper, 437 F.3d at 329 (internal citations omitted). On the other hand, a "rote statement" that the Court has considered the § 3553(a) factors is insufficient. Id. This is so because "there is no way to review a court's exercise of discretion if it does not articulate the reasons underlying its decision." Id. (quoting United States v. Johnson, 388 F.3d 96, 101 (3d Cir. 2004) (internal quotations omitted)). The District Court need not recapitulate its consideration of the § 3553(a) factors during the plea colloquy, however, if the basis for the sentence imposed is "otherwise apparent from the record." Cooper, 437 F.3d at 329 (quoting Becker v. ARCO Chem. Co., 207 F.3d 176, 180-81 (3d Cir. 2000)). In view of these principles, the question is whether "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006).

In this case, there is ample evidence that the District Court considered the § 3553(a) factors in imposing sentence. To begin with, the District Court adopted the findings and conclusions in the Presentence Report.[1] This report contained substantial amounts of information about Peterson's personal and family history, his physical condition, his mental and emotional health (including his struggles with depression and

_____

[1]While a review of the record makes clear that the District Court implicitly adopted the findings and conclusions contained in the Presentence Report, it would assist our review if the District Court would make this finding explicitly in the future.

7

suicide attempt), his history of substance abuse, educational background, and criminal history. The District Court also considered the nature of the crime that led to Peterson's arrest. Moreover, the District Court considered Peterson's version of events at both sentencing hearings, and concluded that Peterson was not credible. See 314A (The Court: "I tell you, Mr. Peterson: I have significant difficulties in accepting your version of events of this matter, because I see these two police officers that testified here had no prior contact with you until that occasion."); 375A, 379A (noting that the representations of a person facing sentence as an armed career criminal carry little credibility, if any). Finally, the District Court noted that it had considered the psychological evaluation Peterson's counsel submitted prior to the second sentencing hearing. While the District Court did not elaborate further on how this evaluation affected the sentencing calculus, the District Court was not required to make explicit findings as to each and every § 3553(a) factor. Cooper, 437 F.3d at 329 (noting that a District Court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."). In light of the District Court's extensive discussion of the § 3553(a) factors, we cannot say that the sentence imposed was procedurally unreasonable.

B.

The sole remaining issue is whether the District Court improperly enhanced Peterson's maximum sentence based on his prior convictions, even though those prior convictions were neither charged in the indictment nor treated as elements of the criminal offense in this case. Peterson argues that the Government's failure in this regard renders his sentence invalid under the Fifth and Sixth Amendments. This argument need not detain us long, as the Supreme Court has expressly rejected this argument in Almendarez-Torres v. United States, 523 U.S. 224 (1998). In that case, the Supreme Court held that the increase in the statutory maximum was a "penalty provision," not an element of the offense; therefore, the Government did not have to allege the prior conviction in the indictment or prove it to the jury. Id. at 226-27. Moreover, we have recently reaffirmed that Almendarez-Torres continues to be the law of the land. See United States v. Ordaz, 398 F.3d 236, 241 (3d Cir. 2005) ("The holding in Almendarez-Torres remains good law, and nothing in Blakely or Booker holds otherwise."). Peterson recognizes that Alamendez-Torres and Ordaz foreclose this argument, and he raises this issue only to preserve it on appeal. See Br. of App. at 13, 20. Of course, we are bound by Alamendez-Torres unless and until the Supreme Court overrules it.

IV.

9

For the foregoing reasons, we affirm the decision of the District Court in all respects.