

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2006

# USA v. Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Moore" (2006). *2006 Decisions*. Paper 73.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/73

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5361
_____

UNITED STATES OF AMERICA

v.

LASHUN MOORE
a/k/a Jay

Lashun Moore,

Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 05-cr-00164)
District Judge: Hon. Edwin M. Kosik

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2006

Before: FISHER, CHAGARES, <u>Circuit Judges</u>, and
BUCKWALTER,[*] <u>Senior District Judge,</u>

_____

(Filed: December 19, 2006)

OPINION OF THE COURT

---

[*]The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

CHAGARES, Circuit Judge.

Appellant Lashun Moore appeals his sentence, contending that the District Court failed to discharge its statutory obligation to consider the factors articulated in 18 U.S.C. § 3553(a) in imposing his sentence. Because there is ample record evidence that the District Court considered the § 3553(a) factors, and because the sentence imposed by the District Court reflects a reasonable application of those factors, we will affirm the District Court's decision in all respects.

I.

As we write only for the parties, our summary of the facts is brief. In September 2004, Monroe County, Pennsylvania police received information that a group of individuals, including appellant Lashun Moore, were involved in distributing cocaine and crack in Monroe County. On October 14, 2004, a confidential informant arranged to purchase crack from one of Moore's associates. When agents and police arrived at the pre-arranged meeting place, that person informed them of Moore's drug trafficking activities. At the direction of law enforcement authorities, the confidential informant contacted one of Moore's associates and arranged to purchase cocaine and crack at the informant's residence. Thereafter, three of Moore's associates arrived at the informant's residence, where they were arrested. Law enforcement authorities seized cocaine, crack, marijuana, heroin, a digital scale, and approximately $1,400 in cash from Moore's associates.

2

A subsequent search of a residence where Moore and some of his associates resided resulted in the seizure of additional cocaine, crack, marijuana, approximately $3,000 in cash, two guns, and ammunition. Police located Moore hiding in a nearby vehicle and arrested him.

On April 27, 2005, a federal grand jury indicted Moore with on several charges related to his participation in this drug ring. On June 23, 2005, Moore pled guilty to conspiracy and possession with intent to distribute in excess of five grams of cocaine and crack in violation of 21 U.S.C. § 846. Pursuant to a plea agreement, all remaining charges against Moore were dismissed.

Following Moore's entry of a plea, a Presentence Report was prepared. This report discussed, inter alia, the circumstances surrounding the crime to which Moore pled guilty, as well as Moore's criminal history and other personal information. This report also concluded that Moore had an offense level of 29 and a criminal history category of V, which corresponded to an advisory Sentencing Guideline range of 140-175 months incarceration.

Neither Moore nor the Government filed any objection to the Presentence Report. At the sentencing hearing, however, the Government did file a motion recommending a downward departure of two levels, which reduced Moore's Guideline range to 120-140 months incarceration. The District Court granted the requested departure, and sentenced Moore at the low end of this range, to 120 months incarceration. This appeal ensued.

II.

3

We review a sentence imposed by a District Court for reasonableness. United States v. Cooper, 437 F.3d 324, 326 (3d Cir. 2006). This inquiry has two steps. First, we must review the record to determine if the District Court exercised its discretion by considering the relevant factors enumerated in § 3553(a). Id. at 329. If the record does not reflect adequate consideration of the § 3553(a) factors, remand is required, and our inquiry ends there. Id. If, however, the record makes clear that the District Court gave meaningful consideration to the § 3553(a) factors, our analysis must proceed to evaluate whether the sentence reflects a rational application of those factors. Cooper, 437 F.3d at 329.

### III.

In the sentencing context, reasonableness has both procedural and substantive components. See, e.g., United States v. Ferguson, 456 F.3d 660, 664 (6th Cir. 2006). A sentence is procedurally unreasonable if the District Court fails to consider the applicable Guideline range or neglects to consider the other factors listed in § 3553(a). Cooper, 437 F.3d at 329. Imposition of a within-Guidelines sentence—without more—demonstrates only that the District Court "considered one of the § 3553(a) factors—namely, the guideline range itself, [but] does not show that the court considered the other standards reflected in that section. . . ." Id. at 330 (internal citations omitted); see also 18 U.S.C. § 3553(a)(4) (listing Sentencing Guidelines as one of seven factors the District Court must consider in imposing sentence). While "there are no magic words that a district judge must invoke when sentencing, . . . the record should demonstrate that the court considered

4

the § 3553(a) factors [in fashioning the defendant's sentence]." Cooper, 437 F.3d at 332. Thus, we must determine whether the District Court gave "meaningful consideration" to the § 3553(a) factors. Id.

A.

Although there is no bright-line test to determine what depth of analysis qualifies as "meaningful consideration," we have recently articulated certain principles that guide our review in this respect. On the one hand, the District Court "need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Cooper, 437 F.3d at 329 (internal citations omitted). On the other hand, a "rote statement" that the Court has considered the § 3553(a) factors is insufficient. Id. This is so because "there is no way to review a court's exercise of discretion if it does not articulate the reasons underlying its decision." Id. (quoting United States v. Johnson, 388 F.3d 96, 101 (3d Cir. 2004) (internal quotations omitted)). The District Court need not recapitulate its consideration of the § 3553(a) factors during the plea colloquy, however, if the basis for the sentence imposed is "otherwise apparent from the record." Cooper, 437 F.3d at 329 (quoting Becker v. ARCO Chem. Co., 207 F.3d 176, 180-81 (3d Cir. 2000)). In view of these principles, the question is whether "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006).

5

In this case, there is ample evidence that the District Court considered the § 3553(a) factors in imposing sentence. To begin with, the District Court adopted the findings and conclusions stated in the Presentence Report. In addition to a lengthy description of the crime in issue and Moore's subsequent acceptance of responsibility, the Presentence Report contained substantial amounts of information about Peterson's history and characteristics, including his personal and family history, employment history, mental and emotional health, history of substance abuse, educational background, and criminal history. Moreover, the District Court discussed these factors and others at the sentencing hearing. In particular, the Court noted that in fashioning Moore's sentence, it must also consider the Guidelines themselves as well as the need to deter Moore from committing crimes in the future. While Moore points out that the District Court did not articulate how it considered certain aspects of Moore's personal history, the District Court was not required to make explicit findings as to each and every § 3553(a) factor. See Cooper, 437 F.3d at 329 (noting that a District Court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing"). Moore's argument that the District Court failed to consider his acceptance of responsibility and remorsefulness is equally unpersuasive. It is undisputed that Moore received a three-level reduction in his offense level for acceptance of responsibility, as well as a two-level downward departure for substantial assistance to the Government. In light of the District Court's extensive on-the-record consideration of the § 3553(a) factors, we cannot say that the sentence imposed was procedurally unreasonable.

6

B.

The sole remaining issue is whether the sentence imposed by the District Court reflects a "rational application" of the § 3553(a) factors. Cooper, 437 F.3d at 329. In an effort to show that the District Court erred in this regard, Moore seizes on certain statements made during the sentencing colloquy to show that the District Court wrongly believed that it had no discretion to depart below the Guidelines. Specifically, Moore notes that the District Court posed the following rhetorical questions to Moore: "Do I think as a taxpayer I should be paying for this man to spend ten years in prison? Do I think that might be a waste of money? Do I think the sentence is harsh? Yes. But it's intended that the sentence is harsh, and I don't make the laws." Based on this statement, Moore concludes that the District Court imposed a sentence that it believed was unduly harsh because it believed it was required to do so under law.

Moore reads too much into these remarks. As an initial matter, it should be noted that the District Court's statement responds in part to an earlier suggestion by Moore's counsel suggesting that a long period of incarceration would be a waste of taxpayers' money. More importantly, this statement is best viewed not as evidence that the District Court believed it was compelled to impose a sentence within the Guideline range, but rather as an expression of the District Court's unobjectionable belief that it did not sit as a super-legislature to pass judgment on the wisdom of the Guideline ranges Congress had chosen to apply to offenders in Moore's position. Put another way, the District Court likely believed that it would be improper to disregard the Guidelines and to fashion a

7

"just" sentence out of whole cloth. It does not follow from this, however, that the District Court perceived the Guidelines to be mandatory, and that it had no discretion to depart from them in appropriate cases. For these reasons, Moore's argument that the District Court treated the Guidelines as mandatory is unpersuasive.

In view of the nature of the crime, as well as Moore's extensive criminal history involving drugs and the use of firearms, we cannot say that a sentence at the low end of Moore's Guideline range reflects an unreasonable application of the § 3553(a) factors.

IV.

For the foregoing reasons, we affirm the decision of the District Court in all respects.