

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2007

# USA v. Dolbin

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3673

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Dolbin" (2007). *2007 Decisions*. Paper 819.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/819

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3673
_____

UNITED STATES OF AMERICA


v.

MARK DOLBIN,

Appellant

_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
District Court No.: 03-cr-0118
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2007

Before: CHAGARES, HARDIMAN and TASHIMA, *Circuit Judges.

(Filed: July 3, 2007 )
_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

---

* The Honorable A. Wallace Tashima, Senior Circuit Judge for the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

Appellant Mark R. Dolbin (Dolbin) challenges his conviction and sentence. Because we find no trial error, we will affirm Dolbin's conviction. Nevertheless, we will vacate Dolbin's sentence and remand to the District Court for resentencing in light of *United States v. Cooper,* 437 F.3d 324 (3d Cir. 2006), and *United States v. Gunter,* 462 F.3d 237 (3d Cir. 2006).

## I.

Dolbin was indicted by a grand jury on five counts: (1) conspiracy to manufacture, distribute and possess with the intent to manufacture and distribute methamphetamine (21 U.S.C. § 846); (2) manufacture, distribution, and possession with the intent to manufacture or distribute methamphetamine (21 U.S.C. § 841(a)(1) and (2)); (3) possession of a firearm by an Armed Career Criminal (18 U.S.C. §§ 922(g)(1) and 924(e)); (4) obstruction of justice (18 U.S.C. § 1512(c)(1) and (2)); and (5) criminal forfeiture (21 U.S.C. § 853(p)). The jury found Dolbin guilty on Counts 1-4 and the District Court sentenced him to an aggregate term of life imprisonment. Dolbin filed this timely appeal.

## II.

Dolbin first argues that the evidence at trial was insufficient to support the guilty verdicts on Counts 1 and 2, both of which relate to possession and intent to distribute methamphetamine.

A court of appeals should "reverse a jury verdict for insufficiency of the evidence 'only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt.'" *United States v. Mussare*, 405 F.3d 161, 166 (3d Cir. 2005) (*quoting United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997)). We "must view the evidence in the light most favorable to the government and must sustain a jury's verdict if 'a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses.'" *United States v. Rosario*, 118 F.3d 160, 163 (3d Cir. 1997) (*quoting United States v. Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991)).

Here, the government's case against Dolbin relied upon the testimony of Roger Frey, a separately indicted co-conspirator. According to Frey's testimony, he and Dolbin twice purchased large quantities of methamphetamine. As to the first purchase, Frey testified that Dolbin expressed interest in acquiring inexpensive methamphetamine from California. Frey testified that he traveled to California, where he contacted Dolbin and informed him of the price of methamphetamine. According to Frey, he returned to Pennsylvania and delivered four pounds of methamphetamine to Dolbin, who inquired as to the whereabouts of the fifth pound that had been agreed upon. Frey testified that Dolbin paid his travel expenses and an additional $4,000 for his troubles for this first trip to California.

Frey also testified that he and Dolbin planned additional trips to California to purchase methamphetamine. Frey stated that he made a "dry run" from California to Pennsylvania using a Greyhound bus to assess police presence and that he and Dolbin planned to meet to discuss the results of the "dry run." Frey also testified that after returning from his "dry run," Dolbin paid for him to stay at the Holiday Inn Express in Frackville, Pennsylvania, while Dolbin raised money for Frey's next drug purchasing trip. Frey testified that for that trip, Dolbin entrusted him with $55,000 with which to purchase another five pounds of methamphetamine.

In addition to Frey's testimony, the jury heard from Drug Enforcement Administration Special Agent John Langan, who testified that he witnessed Dolbin pick up Frey at the Harrisburg bus terminal upon his second arrival from California, and that Dolbin placed a sham package of methamphetamine into the trunk of a black Mercedes Benz. Police then overheard Dolbin discuss cutting methamphetamine with Frey, which prompted them to arrest Dolbin after a brief chase. Finally, James Conners, Dolbin's lifelong friend, testified that Dolbin called him from prison to discuss whether Conners had successfully removed a scale and a rifle from Dolbin's residence and concealed large quantities of cash and methamphetamine.

The aforementioned facts, when taken in the light most favorable to the government, lead to the ineluctable conclusion that the jury was presented with ample evidence from which it could have concluded reasonably that Dolbin was guilty beyond a

4

reasonable doubt of Counts 1 and 2 of the indictment. Indeed, presuming that the jury found Frey credible, his testimony alone would have been sufficient for the jury to have convicted Defendant of these charges. Accordingly, we reject Dolbin's third and fourth assignments of error.

## III.

Dolbin challenges his sentence as to Counts 1 and 2 because the indictment listed the quantity of methamphetamine in the "Special Findings" section of the indictment, rather than individually setting forth the quantity as to each count. Dolbin concedes that because he did not object to this issue in the Court below, the issue is subject to plain error review under Fed. R. Crim. P. 52(b). Under that standard, an error must be "plain" and affect "substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002). An error is "plain" if it is "clear" or "obvious" under "current law." *Johnson v. United States*, 520 U.S. 461, 467 (1997). An error "affect[s] substantial rights" if it "affected the outcome of the district court proceedings." *Cotton*, 535 U.S. at 631 (citation omitted).

First, we note our agreement with Dolbin that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), require that a defendant must be charged with all the elements of a crime. Dolbin also correctly notes that under *United States v. Lacy*, 446 F.3d 448, 453 (3d Cir. 2006), the quantity of methamphetamine is an element of a possession with intent to distribute crime. These principles of black-letter law shed no light, however, on the question of *where* in the

5

indictment the elements of the offense must be listed. Here, it is clear that the elements of the offenses were listed in the "Special Findings" section of the indictment.

Therefore, the failure to individually set forth the quantity of methamphetamine as part of the charging sections of Counts 1 and 2 does not amount to plain error. That failure is neither "clear under the current law," nor does it affect Dolbin's substantial rights. In sum, Dolbin's second assignment of error is rejected because the indictment explicitly stated the elements of the crimes with which he was charged, tried, and convicted.

IV.

Finally, Dolbin challenges the reasonableness of his sentence because the District Court made no mention of the factors enumerated in 18 U.S.C. § 3553(a). The government concedes that the District Court erred by not stating the reasons supporting the sentence in open court. However, the government asserts that despite this error, the sentence need not be vacated because: (1) the error does not amount to "plain error"; and (2) the court explained its § 3553(a) reasons in a written judgment that was drafted the same day as sentencing. But our decisions in *Cooper* and *Gunter* instruct that neither of the government's explanations cure the error.

First, in *Cooper* we explained that *Booker* requires that all sentences be reviewed for reasonableness. *Cooper*, 437 F.3d at 327. Therefore, despite the fact that Dolbin failed to preserve this issue below, we review the sentence for reasonableness, not plain

6

error.  Second, in *Cooper* we held that the record below must demonstrate that the district court gave "meaningful consideration" to the § 3553(a) factors.  *Id.* at 329.  We explained that the "court need not discuss every argument made by a litigant if an argument is clearly without merit . . . [n]or must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account at sentencing."  *Id.*  However, some level of consideration must be apparent from the record.  *Id.*  Without that explanation of the court's consideration, we have no basis upon which to review the district court's exercise of discretion.  *Id.* (*quoting United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) (*relying on United States v. Johnson*, 388 F.3d 96, 101 (3d Cir. 2004))).

Following *Cooper*, in *Gunter* we held that at sentencing a district court must:  (1) calculate a defendant's guideline sentence precisely as it would have pre-*Booker*;    (2) formally rule on motions of both parties and state on the record whether the court is granting a departure and how that departure affects the guidelines calculation, and take into account pre-*Booker* case law, which continues to have advisory force; and (3) exercise discretion by considering the relevant § 3553(a) factors.  *Gunter*, 462 F.3d at 247.  Finally, we note that the Supreme Court has recently instructed that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal

decisionmaking authority." *United States v. Rita,* 2007 WL 1772146, at \*12 (U.S. Jun. 21, 2007) (citation omitted).

In Dolbin's case, the only record of the District Court's consideration of the relevant § 3553(a) factors is a rote statement in a written judgment, without any insight into the reasons for the District Court's determination. *Cooper* and *Gunter* – both of which were decided after the District Court imposed the sentence at issue – require more.

For the foregoing reasons, we find that Dolbin's first assignment of error has merit, and therefore vacate his sentence and remand to the District Court for resentencing consistent with *Cooper* and *Gunter*.