NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3472
_____

UNITED STATES OF AMERICA

v.

MALIK NELSON,
                              Appellant


_____
On Appeal from the United States District Court
for the District of New Jersey
(D.C. No.06-cr-00520-06)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
January 26, 2010


Before: FUENTES and FISHER, Circuit Judges, and *KANE, District Judge

(Opinion Filed: March 30, 2010)

_____

OPINION OF THE COURT

_____


* Honorable Yvette Kane, Chief Judge of the United States District Court for the Middle
District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

Appellant Malik Nelson appeals from the District Court's denial of his motion objecting to a statement made during the Government's opening argument, motion to exclude evidence of prior bad acts, motion to preclude the expert testimony of a Drug Enforcement ("DEA") Special Agent, motion for a mistrial, and for finding that Nelson perjured himself when he testified in his defense. For the following reasons, we affirm the District Court's judgment.[1]

**I.**

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issues on appeal.

Nelson and six co-defendants were charged with various drug related crimes that occurred between 2004 through 2006 in New Jersey. Nelson was accused of purchasing powder cocaine from Felipe Telleria and reselling it as powdered cocaine or crack. As part of the investigation, law enforcement wiretapped Telleria's phone, recording conversations with Nelson 68 times over a three month period. Additionally, investigators installed a surveillance camera focused on Telleria's home.

Telleria, who testified for the prosecution pursuant to a plea arrangement, detailed

---

[1] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291, and, because this appeal involves the application of the Sentencing Guidelines, 18 U.S.C. § 3742.

Nelson's participation in the drug conspiracy generally, and also stated that he sold Nelson three kilograms of cocaine on April 11, 2006. (App. 168) Telleria testified that Nelson paid him approximately $40,000 for the drugs and also gave Telleria his 2001 Chevrolet Tahoe as collateral. Telleria further testified that on June 3, 2006, Nelson purchased a half of a kilogram of cocaine from Telleria. (SA. 35) Surveillance footage shows Nelson entering and exiting Telleria's home on that date. The wiretap recorded Nelson asking to purchase an additional nine ounces from Telleria later that day and surveillance photographs show Nelson entering and exiting Telleria's house that evening. (App. 38; SA. 22-24). The federal investigation into this drug conspiracy ended after an Ohio State Highway Patrol Officer recovered two kilograms of cocaine in the trunk of one of Telleria's drug suppliers during a routine and unrelated traffic stop. Nelson was arrested shortly thereafter.

Nelson's six co-defendants pled guilty. After a trial by jury, during which Nelson testified, he was found guilty of: (1) conspiring to distribute and possessing with intent to distribute at least five kilograms of cocaine and at least 50 grams of cocaine base from July 2004 through July 11, 2006; (2) distributing and possessing with intent to distribute at least 500 grams of cocaine on April 11, 2006; and (3) distributing and possessing with intent to distribute at least 500 grams of cocaine on June 3, 2006. The District Court sentenced Nelson to 360 months imprisonment, ten years of supervised release and ordered him to pay $300 in special assessments.

## II.

Nelson raises several issues on appeal. He first contends that the statement –
"Malik Nelson took those kilograms and kilograms of cocaine and resold them here on our
streets of Southern New Jersey" -- was argumentative and unduly prejudicial, and
therefore the District Court should have struck it from the government's opening
statement. "The standard of review for allegedly prejudicial comments by the prosecution
in its opening statement . . . [i]f the error is non-constitutional . . . [is whether] it is highly
probable that the error did not contribute to the judgment . . . ." *United States v. Lore*,
430 F.3d 190, 207 (3d Cir. 2005) (internal citation & quotation marks excluded). As the
District Court noted, the prosecution proffered that it would introduce evidence that
Nelson conducted a drug business on the streets of South Jersey. Indeed, the evidence
introduced at trial demonstrated that Nelson sold drugs in Bridgeton from 2004 through
2006. Drug distribution was the essence of the crimes charged against Nelson and
therefore was not unduly prejudicial.

Next, Nelson argues that the District Court abused its discretion when it denied his
in limine motion to exclude the admission of six incidents involving recovering of large
sums of cash, firearms, and of narcotics from Nelson. *See United States v. Johnson*, 388
F.3d 96, 100 (3d Cir. 2004) (noting that we review evidentiary rulings for abuse of
discretion). The government sought to admit these incidents because they were intrinsic to
the charged conspiracy. The District Court agreed, but did, however, exclude or sanitize

some of the evidence pursuant to Fed. R. Evid. 403. Nevertheless, Nelson argues that the District Court impermissibly permitted the Government to introduce "prior crimes and bad acts and to bootstrap its conspiracy allegation." Appellant's Br. at 32.

"In cases where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible . . . because it is not an 'other' crime. The evidence is offered as direct evidence of the fact in issue, not as circumstantial evidence requiring an inference as to the character of the accused. Such proof ... may be extremely prejudicial to the defendant but the court would have no discretion to exclude it because it is proof of the ultimate issue in the case." 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5239, at 450-51 (1978). Here, the District Court did not abuse its discretion when it permitted sanitized introduction of these incidents because they directly related to the charges enumerated in the indictment. As the Government correctly notes, evidence of cocaine possession and distribution, possession of large amounts of cash and possession of firearms during the time period of an alleged drug distribution conspiracy directly proved the charges. Nelson's argument, that the incidents are not intrinsic evidence of the conspiracy because they were removed in time from the substantive counts, is unpersuasive. These incidents, which involve possession of firearms, narcotics and large sums of cash, directly bear on the conspiracy charge.

Third, Nelson challenges the District Court's ruling permitting DEA Special Agent David McNamara to testify as an expert in the fields of narcotics and narcotics trafficking.

After the close of his testimony, the District Court permitted Agent McNamara to answer a juror's written question regarding how long it would take to microwave cocaine before it turned into crack. Before permitting Agent McNamara to answer the inquiry, the District Court questioned Agent McNamara to establish his expertise to opine on drug cooking in a microwave oven. Once established, the District Court permitted McNamara to answer the juror's question. This ruling was not an abuse of discretion because pursuant to Fed. R. Evid. 702, a person with special knowledge, training or education may testify as an expert to assist a jury. Agent McNamara was a DEA agent with over 15 years experience. He was trained for 14 weeks at Quantico and had been involved in hundreds of drug operations, 90% of which involved cocaine. McNamara testified that approximately 10% - 20% of those cases involved cooking crack cocaine in a microwave. (SA. 47-49) Thus, the District Court's determination that McNamara had the experience to qualify as an expert in the field of cocaine manufacturing was not an abuse of discretion.

Next, Nelson argues that the District Court erred when it did not declare a mistrial after the government inquired about his prior heroin use during cross-examination. Nelson's counsel objected and the district court sustained that objection. "We review a district court's decision not to grant a mistrial on the grounds that the prosecutor made improper remarks . . . for abuse of discretion, and, if error is found, we apply harmless error analysis." *See United States v. Molina-Guevara*, 96 F.3d 698, 703 (3d Cir. 1996) (citations omitted). During discussions over the objection, the District Court noted in open

court that there was no evidence that Nelson was a heroin user, to which the Government replied "other than his own admission." A lengthy sidebar then ensued during which the District Court strongly admonished the prosecutor and suggested the possibility of a mistrial. At that time, however, Nelson did not request a mistrial. Instead, the District Court instructed the jury to disregard the question and the colloquy regarding Nelson's past heroin use, noting that whether he used heroin was irrelevant to the case. (App. 67)

A jury is presumed to follow a curative instruction and a defendant faces a high hurdle when he or she contends that the instruction was insufficient to cure any error. *See, e.g.*, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Prejudicial testimony will not mandate a mistrial when there is other significant, admissible evidence of guilt. Here, while the prosecutor's comment was improper, there was significant admissible evidence of Nelson's guilt. The government introduced the testimony of cooperating co-conspirators, police testimony, and videotapes and tape recordings which demonstrated Nelson's guilt. Therefore, considering the overwhelming evidence of Nelson's participation in drug related crimes, any reference to his purported heroin use did not influence the jury's verdict and was likely cured by the limiting instruction. In other words, this is not a case where the evidence is so marginal and the prosecutor's statement is so prejudicial that Nelson's due process rights were violated. *See, e.g., United States v. Morena*, 547 F.3d 191, 197 (3d Cir. 2001).

Lastly, Nelson objects to the District Court's factual finding during sentencing that

he perjured himself several times during his testimony. We review a district court's determination that a defendant committed perjury for clear error. *See United States v. Cusumano*, 943 F.2d 305, 315 (3d Cir. 1991). The District Court's determination was soundly based on the evidence admitted at trial, including video and audio surveillance, co-conspirator testimony, and law enforcement testimony. Therefore, the District Court's finding pursuant to U.S.S.G. § 3C1.1 was not clearly erroneous.

**III.**

For the foregoing reasons, we affirm the judgment of the District Court.