CLD-065                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1947
_____

MALIK NELSON,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-10526)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 12, 2019

Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: December 16, 2019)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Malik Nelson appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will summarily affirm the District Court's order.

In 2008, Nelson was convicted of drug trafficking charges after a trial in the District Court for the District of New Jersey. He was sentenced as a career offender to 360 months in prison. We affirmed his conviction and sentence on appeal. United States v. Nelson, 372 F. App'x 289 (3d Cir. 2010). In February 2016, Nelson filed a motion pursuant to 28 U.S.C. § 2255. Counsel was appointed and filed a revised § 2255 motion arguing that Nelson did not qualify as a career offender based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In April 2017, Nelson withdrew his § 2255 motion after the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), undermined his claim.

In November 2017, Nelson filed his § 2241 petition, arguing that based on the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), his prior convictions for aggravated assault on a police officer were no longer crimes of violence and could not support his career offender status. The Government moved to dismiss the petition for lack of jurisdiction. The District Court granted the motion, and Nelson filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by

2

a court unless a §2255 motion would be "inadequate or ineffective." Id. Nelson argued

that a § 2255 motion is inadequate because he cannot meet the standard required to file a

second or successive § 2255 motion. However, in Cradle, we explained that

> A § 2255 motion is inadequate or ineffective only where the petitioner
> demonstrates that some limitation of scope or procedure would prevent a
> § 2255 proceeding from affording him a full hearing and adjudication of his
> wrongful detention claim. It is the inefficacy of the remedy, not the
> personal inability to use it, that is determinative. Section 2255 is not
> inadequate or ineffective merely because the sentencing court does not
> grant relief, the one-year statute of limitations has expired, or the petitioner
> is unable to meet the stringent gatekeeping requirements of the amended §
> 2255.

Id. at 538-39 (citations omitted). We have held that a defendant may proceed via a

§ 2241 petition, rather than a § 2255 motion, if a court's subsequent statutory

interpretation renders the defendant's conduct no longer criminal and he did not have an

earlier opportunity to raise the claim. Bruce v. Warden Lewisburg USP, 868 F.3d 170,

180 (3d Cir. 2017); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Here, however,

as noted by the District Court, Nelson had an earlier opportunity to raise this claim in his

§ 2255 proceedings. His § 2255 motion was still pending at the time Mathis was decided

in June 2016. The District Court did not err in dismissing Nelson's § 2241 petition for

lack of jurisdiction.

Nelson also appeals the District Court's denial of his motion for reconsideration of

the District Court's order allowing the Government to file a motion to dismiss in lieu of

an answer. It appears that Nelson wanted the Government to respond to the merits of his

3

claims. However, since the District Court lacks jurisdiction over the petition, it did not abuse its discretion in refusing to reconsider that order.

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> 3d Cir. LAR 27.4. For the reasons set forth above, we will summarily affirm the District Court's March 14, 2019 order. <u>See</u> 3d Cir. I.O.P. 10.6.